# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER SCOTT
STRECKENBACH,

        Plaintiff,

-vs-                                          **Case No. 15-CV-451**

**CHARLES VAN DENSEN, et al.,**

        Defendants.

## DECISION AND ORDER

Christopher Scott Streckenbach, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983, alleging his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On April 21, 2015, the Court assessed an initial partial filing fee of $18.83. (ECF No. 5.) The plaintiff paid that fee on May 18, 2015.

Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis.*

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

<u>The Plaintiff's Allegations</u>

The plaintiff is currently incarcerated at Redgranite Correctional Institution. On November 25, 2014, the plaintiff deposited property at the

- 3 -

property department with the request that it be sent home with his son following his son's next visit. The property included, among other things, a hat, eyeglasses, a photo album, books, and legal paperwork. On January 13, 2015, defendant Van Densen informed the plaintiff that all of the property had been destroyed pursuant to prison policy because the plaintiff's son had not visited within thirty days of the plaintiff dropping off the property and the plaintiff's account lacked sufficient funds to cover the cost of mailing the property to the plaintiff's son.

The plaintiff states that he was not informed that his property would be destroyed, which violated his 14th Amendment right to due process. The plaintiff seeks compensatory damages.

## Discussion

Procedural due process requires a two-step analysis: First, a court must determine whether the plaintiff was deprived a constitutionally protected interest in life, liberty, or property. *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). If so, a court will determine what process the plaintiff was due with regard to that deprivation. *Id.* Generally, the presumption is that an individual is entitled to notice and an opportunity for a hearing before the plaintiff is permanently deprived of his property interest. *Id.* (*citing Goss v. Lopez*, 419 U.S. 565, 579 (1979) (due process

requires "some kind of notice and . . . some kind of hearing")). That said, a predeprivation hearing is not required in all cases, such as where the state must act quickly or where the degree of deprivation is not serious. *Id.* at 305; *see Ellis v. Sheahan*, 412 F.3d 754, 756 (7th Cir. 2005).

With these principles in mind, the Court finds that the plaintiff has sufficiently plead that defendant Van Densen violated the plaintiff's constitutional right to due process when he destroyed plaintiff's personal belongings.

However, the plaintiff has not stated claims against defendants Meisner, Echstein, Schueler, or Reigh. The plaintiff's complaint makes no mention of these defendants, and § 1983 does not establish a system of vicarious liability. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). In other words, "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594. Because the plaintiff has not alleged the personal involvement of any of these defendants, they will be dismissed.

In addition, the plaintiff cannot state a claim against the Wisconsin Department of Corrections because the Department of Corrections is not a "person" for purposes of § 1983 and therefore is not a suable entity. *See*

- 5 -

*Lapides v. University of Georgia*, 535 U.S. 613, 617-18 (2002); *see Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Finally, the plaintiff filed a letter with the Court seeking to supplement his request for relief by increasing the amount from $3,500 to $12,500. Given the limited nature of this request and the fact that plaintiff is under no requirement to specify the amount of damages in his complaint, the Court will grant the plaintiff's request.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS ALSO ORDERED THAT** defendants Meisner, Echstein, Schueler, Reigh, and the Wisconsin Department of Corrections are **DISMISSED**.

**IT IS FURTHER ORDERED THAT** pursuant to the plaintiff's request (ECF No. 8), the plaintiff's request for relief will be increased from $3,500 to $12,500.

**IT IS ALSO ORDERED THAT** pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's complaint and this order are being electronically

sent today to the Wisconsin Department of Justice for service on defendant Van Densen.

**IT IS FURTHER ORDERED THAT**, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED THAT** the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $307.97 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED THAT** copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS ALSO ORDERED THAT** the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**