# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER S. STRECKENBACH,**

      Plaintiff,

      -vs-                                        **Case No. 15-CV-451**

**CHARLES VAN DENSEN,**

      Defendant.

# ORDER

On December 15, 2015, the plaintiff filed a document that he titled, "Supporting Brief by the Plaintiff, Mr. Christopher S. Streckenbach pursuant to USCS Fed. Rules of Appellate Procedure Rule 28 Briefs." (ECF No. 30.) The brief includes no motion.

On December 18, 2015, the defendants filed a motion to strike or deny the plaintiff's filing. (ECF No. 31.) The defendants suggest that while it is not entirely clear, the plaintiff may have been attempting to file a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The defendants argue that if this was the plaintiff's intent, the Court should strike or deny the filing because it fails to comply with the local rules. Specifically, as mentioned, the plaintiff did not file a motion nor did he file a "statement of proposed material facts as to which

the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law[.]" Civil L.R. 56(b)(1). The defendants argue that the plaintiff will not be prejudiced if the Court strikes or denies his filing and requires him to refile it in accordance with the rules because "no dispositive motion has been set in this case."

The defendants are mostly right. The plaintiff's filing does not comply with the Federal Rules of Civil Procedure or the Local Civil Rules. As such, the Court denies the plaintiff's filing without prejudice. To the extent the plaintiff intended to file a motion for summary judgment, he may refile his brief after revising it to comply with Federal Rule of Civil Procedure 56 and Local Rule 56, both of which are included with this order for the plaintiff's convenience. The plaintiff is also reminded that his motion must be supported by an affidavit, unsworn declaration, and/or other admissible documentary evidence.

However, contrary to the defendants' representations, the Court has set a dispositive motion deadline in this case. On September 30, 2015, the Court entered a scheduling order, setting a discovery deadline of December 30, 2015, and a dispositive motion deadline of February 1, 2016. The Court believes that the plaintiff has adequate time to revise his filing to comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56,

- 2 -

so it will not extend those deadlines at this time.  If either party believes that it needs additional time, the party should file a motion making such a request, and the Court will consider it at that time.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** that the defendants' motion to strike or deny plaintiff's Dkt. 30 filing (ECF No. 31) is **GRANTED**.

**IT IS ALSO ORDERED** that plaintiff's supporting brief pursuant to USCS Fed. Rules of Appellate Procedure Rule 28 briefs is **DENIED WITHOUT PREJUDICE**.  The plaintiff may refile his brief after revising it to comply with the requirements set forth in Federal Rule of Civil Procedure 56 and Local Civil Rule 56, copies of which are included with this order.

Dated at Milwaukee, Wisconsin, this 21st day of December, 2015.

**BY THE COURT:**

s/ Lynn Adelman
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**

**Federal Rule of Civil Procedure 56. Summary Judgment**

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
(c) Procedures
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

- 4 -

> admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Civil Local Rule 56. Summary Judgment.**

(a) Pro Se Litigation.
(1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
(A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
(B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.
(2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.
(b) Additional Summary Judgment Procedures. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:
(1) Moving Party's Principal Materials in Support of Motion. With each motion for summary judgment, the moving party must file:
(A) a memorandum of law;

(B) a statement setting forth any material facts to which all parties have stipulated;
(C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

    (i)  the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;
    (ii)  a moving party may not file more than 150 separately numbered statements of fact;
    (iii) failure to submit such a statement constitutes grounds for denial of the motion; and
  (D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).
 (ii) Opposing Party's Materials in Opposition. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:
   (A) a memorandum of law;
   (B) a concise response to the moving party's statement of facts that must contain:

    (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
    (ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and
  (C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).
 (3) Moving Party's Materials in Reply. A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

- 7 -

    (A) a reply memorandum;
    (B) a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and
    (C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.
  (4) Effect of Uncontroverted Statements of Fact. The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.
  (5) Stipulated Facts. Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.
  (6) Citations to Facts in Memoranda. Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.
  (7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact. A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.
  (8) Length of Memoranda
    (A) A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).
    (B) No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.
  (9) Collateral Motions. Collateral motions, such as motions to strike, are disfavored.